FILED
 2011 Jun-03  AM 11:34
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **TARA S. BLACK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.:  3:10-CV-2777-VEH |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on "Commissioner's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant." (Doc. 11). The Commissioner contends that reversal and remand is appropriate so that an Administrative Law Judge ("ALJ") can redetemine the hearing decision residual functional capacity (RFC) with references to supporting documentation for the limitation contained therein." (Doc. 11 - 1, p. 2). Also, the Commissioner states that "the ALJ will also reevaluate the effect of Plaintiff's severe depression, and include specific, related findings in the hearing decision RFC." (*Id.*) Finally, the Commissioner states that Plaintiff's counsel "consents to this motion."

(*Id.*).

Under Sentence Four of 42 U.S.C. § 405(g), the court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C. § 405(g)).  The Commissioner's Motion is **GRANTED**.  Accordingly, the decision of the Commissioner is hereby **REVERSED**, and this action is **REMANDED** to the Commissioner for further proceedings.

This order does not address Plaintiff's arguments in favor of reversal of the Commissioner's final decision that gave rise to this appeal, and is entered without prejudice to Plaintiff's right to reassert those arguments in a subsequent appeal should the Commissioner issue an unfavorable decision following remand.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration.  ***This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.***

**DONE** and **ORDERED** this the 3rd day of June, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge